UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARTESYN TECHNOLOGIES, INC., ASTEC AMERICA, INC., BEL FUSE INC., CHEROKEE INTERNATIONAL CORP., DELTA ELECTRONICS, INC., DELTA PRODUCTS CORP., LINEAGE POWER CORP., MURATA ELECTRONICS NORTH AMERICA, INC., MURATA MANUFACTURING CO., LTD., MURATA POWER SOLUTIONS, INC., POWER-ONE, INC., <br><br> Defendants. | Civil Action No. 2:11-CV-0444-DF <br><br> **JURY TRIAL DEMANDED** |

## BEL FUSE'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Bel Fuse Inc. ("Bel Fuse"), files this, its Answer to Complaint, Affirmative Defenses and Counterclaims in the above civil action as follows:

1. Paragraph 1 of the Complaint is an introductory statement to which no responsive pleading is required. To the extent, however, that any response is required, Bel Fuse denies any factual allegations contained in Paragraph 1.

2. Paragraph 2 of the Complaint is an introductory statement to which no responsive pleading is required. To the extent, however, that any response is required, Bel Fuse denies any factual allegations contained in Paragraph 2.

3. Paragraph 3 of the Complaint is an introductory statement to which no responsive pleading is required. To the extent, however, that any response is required, Bel Fuse denies any factual allegations contained in Paragraph 3.

4.      Paragraph 4 of the Complaint is an introductory statement to which no responsive pleading is required. To the extent, however, that any response is required, Bel Fuse denies any factual allegations contained in Paragraph 4.

5.      In answer to paragraph 5 of the Complaint, Bel Fuse admits this action arises under the United States patent laws, Title 35 of the United States Code.

6.      In answer to paragraph 6 of the Complaint, Bel Fuse admits the Court has original subject matter jurisdiction over this action.

7.      In answer to paragraph 7 of the Complaint, Bel Fuse admits that venue is proper in this district.

8.      In answer to paragraph 8 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

9.      In answer to paragraph 9 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

10.      In answer to paragraph 10 of the Complaint, Bel Fuse admits that its principal place of business is 206 Van Vorst Street, Jersey City, New Jersey 07302. Bel Fuse further admits that in the past it made, imported, used, offered to sell, and/or sold unregulated bus converters and, in the '497 case, was found to infringe certain of SynQor's patents.

11.      In answer to paragraph 11 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

12. In answer to paragraph 12 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

13. In answer to paragraph 13 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

14. In answer to paragraph 14 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

15. In answer to paragraph 15 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

16. In answer to paragraph 16 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Bel Fuse denies that the '190 patent was duly and legally issued, and admits that a true copy thereof is attached as Exhibit A to the Complaint.

17. In answer to paragraph 17 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Bel Fuse denies that the '021 patent was duly and legally issued, and admits that a true copy thereof is attached as Exhibit B to the Complaint.

18. In answer to paragraph 18 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Bel

Fuse denies that the '034 patent was duly and legally issued, and admits that a true copy thereof is attached as Exhibit C to the Complaint.

19. In answer to paragraph 19 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Bel Fuse denies that the '083 patent was duly and legally issued, and admits that a true copy thereof is attached as Exhibit D to the Complaint.

20. In answer to paragraph 20 of the Complaint, Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Bel Fuse denies that the '702 patent was duly and legally issued, and admits that a true copy thereof is attached as Exhibit E to the Complaint.

21. In answer to paragraph 21 of the Complaint, Bel Fuse admits that a true and correct copy of the Verdict Form in the '497 Case is attached as Exhibit F to the Complaint. Bel Fuse denies the remaining allegations contained in the paragraph.

22. In answer to paragraph 22 of the Complaint, Bel Fuse admits the allegations contained therein.

23. In answer to paragraph 23 of the Complaint, Bel Fuse admits the allegations contained therein.

24. In answer to paragraph 24 of the Complaint, Bel Fuse admits the allegations contained therein.

25. In answer to paragraph 25 of the Complaint, Bel Fuse admits the allegations contained therein.

26. In answer to paragraph 26 of the Complaint, Bel Fuse admits the allegations contained therein.

-5-

27. In answer to paragraph 27 of the Complaint, Bel Fuse admits the allegations contained therein.

28. In answer to paragraph 28 of the Complaint, Bel Fuse admits the allegations contained therein.

29. In answer to paragraph 29 of the Complaint, Bel Fuse admits the allegations contained therein.

30. In answer to paragraph 30 of the Complaint, Bel Fuse admits the allegations contained therein.

31. In answer to paragraph 31 of the Complaint, Bel Fuse admits that the Court awarded SynQor supplemental damages for the post-verdict, pre-injunction period and that the Court found that Defendants Emerson affiliates (referred to as "Astec" in the Court's Order), Bel Fuse, Lineage/Cherokee, Murata Manufacturing and Murata Electronics (referred to as "Murata" in the Court's Order) and MPS actively induced infringement and contributed to the infringement of the asserted patents during the post-verdict, pre-injunction time period. The remaining allegations in paragraph 31 are denied.

32. In answer to paragraph 32 of the Complaint, Bel Fuse admits that the quoted paragraph was contained in the Court's Order. The remaining allegations in paragraph 32 are denied.

33. In answer to paragraph 33 of the Complaint, Bel Fuse admits that the quoted language was contained in the Court's Order. The remaining allegations in paragraph 33 are denied.

34. In answer to paragraph 34 of the Complaint, Bel Fuse denies the allegations against Bel Fuse contained in Paragraph 34. Bel Fuse is without knowledge or information

sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

35. In answer to paragraph 35 of the Complaint, Bel Fuse denies the allegations against Bel Fuse contained in Paragraph 35. Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

36. In answer to paragraph 36 of the Complaint, Bel Fuse denies the allegations against Bel Fuse contained in Paragraph 36. Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

37. In answer to Paragraph 37 of the Complaint, Bel Fuse incorporates its responses to each of the preceding paragraphs.

38. In answer to paragraph 38 of the Complaint, Bel Fuse denies the allegations against Bel Fuse contained in Paragraph 38. Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

39. In answer to paragraph 39 of the Complaint, Bel Fuse denies the allegations against Bel Fuse contained in Paragraph 39. Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

40. In answer to paragraph 40 of the Complaint, Bel Fuse states that the paragraph contains no factual allegations and therefore requires no response of Bel Fuse. To the extent a response is required, Bel Fuse denies the allegations contained in paragraph 40.

41. In answer to paragraph 41 of the Complaint, Bel Fuse states that the paragraph contains no factual allegations and therefore requires no response of Bel Fuse. To the extent a response is required, Bel Fuse denies the allegations contained in paragraph 41.

42. In answer to paragraph 42 of the Complaint, Bel Fuse denies the allegations contained in paragraph 42.

43. In answer to paragraph 43 of the Complaint, Bel Fuse states that the paragraph contains no factual allegations and therefore requires no response of Bel Fuse. To the extent a response is required, Bel Fuse denies the allegations contained in paragraph 43.

44. In answer to paragraph 44 of the Complaint, Bel Fuse denies the allegations contained in paragraph 44.

45. In answer to Paragraph 45 of the Complaint, Bel Fuse incorporates its responses to each of the preceding paragraphs.

46. In answer to paragraph 46 of the Complaint, Bel Fuse states that the paragraph contains no factual allegations and therefore requires no response of Bel Fuse. To the extent a response is required, Bel Fuse denies the allegations contained in paragraph 46.

47. In answer to paragraph 47 of the Complaint, Bel Fuse denies the allegations against Bel Fuse contained in Paragraph 47. Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

48. In answer to paragraph 48 of the Complaint, Bel Fuse denies the allegations against Bel Fuse contained in Paragraph 48. Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

49. In answer to paragraph 49 of the Complaint, Bel Fuse states that the paragraph contains no factual allegations and therefore requires no response of Bel Fuse. To the extent a response is required, Bel Fuse denies the allegations contained in paragraph 49.

50. In answer to paragraph 50 of the Complaint, Bel Fuse denies the allegations contained in paragraph 50.

51. In answer to paragraph 51 of the Complaint, Bel Fuse denies the allegations against Bel Fuse contained in paragraph 51. Bel Fuse is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants named in the Complaint.

52. In response to the Prayer for Relief contained in the Complaint, Bel Fuse denies that SynQor is entitled to any of the relief requested therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

53. SynQor's claims against Bel Fuse should be dismissed in whole or in part because Bel Fuse has not infringed nor induced or contributed to the infringement of the '190 patent following the entry of the permanent injunction.

### Second Affirmative Defense

54. SynQor's claims against Bel Fuse should be dismissed in whole or in part because Bel Fuse has not infringed nor induced or contributed to the infringement of the '021 patent following the entry of the permanent injunction.

### Third Affirmative Defense

55. SynQor's claims against Bel Fuse should be dismissed in whole or in part because Bel Fuse has not infringed nor induced or contributed to the infringement of the '083 patent following the entry of the permanent injunction.

### Fourth Affirmative Defense

56. SynQor's claims against Bel Fuse should be dismissed in whole or in part because Bel Fuse has not infringed nor induced or contributed to the infringement of the '702 patent following the entry of the permanent injunction.

### Fifth Affirmative Defense

57. SynQor's claims against Bel Fuse should be dismissed in whole or in part because the '190 patent is invalid under at least one of 35 U.S.C. §§ 101, 102, 103, 112, and other statutes which may be discovered to be applicable during the course of discovery in the civil action. Following re-examination by the United States Patent & Trademark Office, the '190 patent has been found to be invalid.

### Sixth Affirmative Defense

58. SynQor's claims against Bel Fuse should be dismissed in whole or in part because the '021 patent is invalid under at least one of 35 U.S.C. §§ 101, 102, 103, 112, and other statutes which may be discovered to be applicable during the course of discovery in the civil action. Following re-examination by the United States Patent & Trademark Office, the '021 patent has been found to be invalid.

### Seventh Affirmative Defense

59. SynQor's claims against Bel Fuse should be dismissed in whole or in part because the '083 patent is invalid under at least one of 35 U.S.C. §§ 101, 102, 103, 112, and other statutes

which may be discovered to be applicable during the course of discovery in the civil action. Following re-examination by the United States Patent & Trademark Office, the '083 patent has been found to be invalid.

### Eighth Affirmative Defense

60. SynQor's claims against Bel Fuse should be dismissed in whole or in part because the '702 patent is invalid under at least one of 35 U.S.C. §§ 101, 102, 103, 112, and other statutes which may be discovered to be applicable during the course of discovery in the civil action. Following re-examination by the United States Patent & Trademark Office, the '702 patent has been found to be invalid.

### BEL FUSE'S COUNTERCLAIMS AGAINST SYNQOR

61. SynQor is a company with its headquarters and principal place of business located at 155 Swanson Road, Boxborough, Massachusetts. SynQor is subject to jurisdiction in this Court because SynQor does business in the State of Texas and because SynQor initiated this action in the Eastern District of Texas.

62. Bel Fuse is a company with its headquarters and principal place of business located at 206 Van Vorst Street, Jersey City, New Jersey. Bel Fuse does business in the State of Texas.

**Factual Background**

63. SynQor originally filed an action for patent infringement against Bel Fuse and others in 2007, in Civil Action No. 2:07-cv-00497-TJW-CE ("the '497 Action") alleging infringement of U.S. Patent Nos. 7,072,190 ("the '190 patent"), 7,272,021 ("the '021 patent"), 7,558,083 ("the '083 patent"), and 7,564,702 ("the '702 patent"). In addition, SynQor accused the other defendants in the '497 Action of infringing U.S. Patent No. 7,269,034 ("the '034 patent").

64. Following a trial in December 2010, a jury found Bel Fuse and the other defendants in the '497 Action liable for infringing the various patents asserted against them and awarded damages. On January 24, 2011, the Court entered a permanent injunction against Bel Fuse and the other defendants prohibiting them from making, using, selling or offering for sale in the United States products that were found to infringe the SynQor patents. The permanent injunction was stayed by the Federal Circuit through September 30, 2011. The Court entered a final judgment that awarded SynQor damages for sales through trial and sales for the time period between the jury's verdict and the entry of the permanent injunction. The Court did not award damages for the time period between January 24, 2011 and September 30, 2011 ("the post-injunction period"), but instead severed any claim for such damages and allowed SynQor to file the instant civil action to seek damages that might have occurred in this time period.

65. While the '497 Action was pending, *inter partes* re-examination proceedings were initiated before the United States Patent & Trademark Office with respect to each of the patents (and all patent claims) that SynQor had asserted against Bel Fuse and the other defendants. However, the trial court did not permit evidence related to these *inter partes* re-examination proceedings to be introduced during the trial.

66. After the jury returned its verdict in the '497 Action, the USPTO issued a final rejection with respect to all the asserted claims of the '190 and '021 patents, finding the claims to be invalid in light of several independent pieces of prior art. SynQor is now in the process of appealing the USPTO's final rejection of those patents. In addition, the USPTO has issued initial rejections of the '083, 702, and '034 patents, finding all of the challenged claims of each patent to be invalid in light of a number of pieces of prior art.

67. Even though the USPTO has found each of SynQor's patents to be invalid, SynQor has nevertheless filed the instant action, claiming patent infringement and seeking damages from Bel Fuse and the other defendants for the post-injunction period.

68. Bel Fuse does not make, use, sell or offer for sale any of the accused products, namely unregulated bus converters, in the United States. Bel Fuse does manufacture and sell accused products outside of the United States for customers located outside the United States. However, in light of the jury verdict and the permanent injunction entered by the Court, Bel Fuse has instructed its customers (namely Cisco or contract manufacturers doing work for Cisco) that none of the Bel Fuse unregulated bus converters are permitted to be shipped into the United States, or to be incorporated into other products that are to be shipped into the United States. In addition, Bel Fuse has labeled all of its foreign made and foreign sold unregulated bus converters in compliance with the labeling requirements set out in the permanent injunction for such devices.

### COUNTERCLAIM CAUSE OF ACTION NO. 1

#### Declaratory Judgment of Non-Infringement

69. Bel Fuse incorporates by reference paragraphs 61 through 68 herein.

70. Bel Fuse is entitled to a declaratory judgment of non-infringement of the SynQor patents during the post-injunction period. Throughout the post-injunction period, Bel Fuse has

complied with the labeling instructions and requirements set out in the permanent injunction. In addition, Bel Fuse has specifically advised its customers that its foreign made and foreign sold unregulated bus converters are not to be shipped into the United States, nor included as components in other products destined to be shipped to the United States. Accordingly, Bel Fuse lacks the level of intent required to establish any claim of indirect infringement through inducement to infringe. Lacking any intent to induce, Bel Fuse cannot be held liable for indirect infringement under any theory of inducement.

## COUNTERCLAIM CAUSE OF ACTION NO. 2

### Declaratory Judgment of Invalidity

71. Bel Fuse incorporates by reference paragraphs 61 through 70 herein.

72. While the '497 Action was being litigated, several *inter partes* re-examination proceedings with the USPTO were filed with respect to each of the SynQor patents and all of the claims from those patents that had been asserted against Bel Fuse and the other defendants. Following the trial in December 2010, the USPTO has issued final rejections of the '190 and the '021 patents, and the USPTO has issued initial rejections with respect to the '083, '702 and '034 patents. In each instance, the USPTO has found these patents to be invalid under multiple prior art references.

73. In light of the findings of the USPTO through the *inter partes* re-examinations of the SynQor patents, Bel Fuse is entitled to a declaratory judgment that each of the asserted claims of the SynQor patents are, and have been during the post-injunction period, invalid.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Bel Fuse prays that the Court deny all of the requests for relief specified by SynQor in the Complaint as they apply to Bel Fuse and particularly requests that the Court:

A. Render judgment finding that Bel Fuse has not infringed, directly or indirectly, the '190, '021, '083, and '702 patents during the post-injunction period;

B. Render judgment that Bel Fuse has not willfully infringed, directly or indirectly, any of the '190, '021, '083, and '702 patents during the post-injunction period;

C. Render judgment that each of the '190, '021, '083, '702, and '034 patents is invalid or otherwise unenforceable;

D. Deny an award of compensatory damages against Bel Fuse;

E. Deny an award of enhanced or of trebled damages against Bel Fuse;

F. Deny an award of interest against Bel Fuse;

G. Find that this case against Bel Fuse is not exceptional pursuant to 35 U.S.C. § 285; and

H. The Court shall award such and other further relief as the Court may deem just and proper.

-15-

Dated:  November 21, 2011

Respectfully submitted,

*/s/ Steven N. Williams*
Steven N. Williams
Texas Bar No. 21577625
swilliams@mkwpc.com
Zac Duffy
Texas Bar No. 24059697
zduffy@mkwpc.com
MCDOLE, KENNEDY & WILLIAMS, P.C.
1700 Pacific Ave., Suite 1280
Dallas, Texas  75201
(214) 979-1122 office
(214) 979-1123 fax

**ATTORNEYS FOR DEFENDANT
BEL FUSE, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 21, 2011.

/s/ Steven N. Williams
Steven N. Williams