IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.,<br><br>   Plaintiff,<br><br>     v.<br><br>ARTESYN TECHNOLOGIES, INC.<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORPORATION,<br>MURATA ELECTRONICS NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS, INC., and<br>POWER-ONE, INC.,<br><br>   Defendants. | Civil Action No. 2:11-CV-00444 (DF)<br><br>**JURY TRIAL DEMANDED** |

### MURATA POWER SOLUTIONS ANSWER TO SYNQOR'S COMPLAINT AND COUNTERCLAIMS

Defendant Murata Power Solutions, Inc. (hereinafter "MPS") hereby answers the Complaint of Plaintiff SynQor, Inc. ("SynQor") (Dkt. 7) and asserts counterclaims against SynQor as set forth herein. MPS denies all allegations not expressly admitted below. MPS responds to this complaint solely on its own behalf, and does not provide any response on behalf of any other party.

### NATURE OF THE ACTION

1. MPS denies that this action is limited to a patent infringement action for damages in the form of lost profits and reasonable royalties. MPS denies that SynQor is entitled to any

damages, any enhanced damages, and any compensation for alleged damages done to SynQor's alleged goodwill and alleged exclusivity rights.

2. MPS admits that a jury verdict was entered in Civil Action No. 2:07-cv-00497-TJW-CE ("the '497 case"). MPS admits that the Court entered a permanent injunction on January 24, 2011 that was subsequently stayed. The jury verdict and injunction speak for themselves. MPS denies that it has directly infringed, contributorily infringed or induced infringement of any valid and enforceable claims of SynQor's patents.

3. MPS admits that the Court entered an order on July 11, 2011. The Court's order speaks for itself. MPS denies that it has infringed any valid and enforceable claims of SynQor's patents. MPS denies that SynQor is entitled to supplemental damages.

4. MPS admits that the Court entered an order on September 29, 2011. The Court's order speaks for itself. MPS denies that this action is limited to SynQor's continuing causes of action for post-injunction damages. MPS denies that SynQor is entitled to any post-injunction damages.

**JURISDICTION AND VENUE**

5. MPS admits that the Complaint purports to state a claim under the United States patent laws, Title 35 of the United States Code.

6. MPS admits that this Court has subject matter jurisdiction over patent infringement actions.

7. MPS denies that it has committed acts of infringement in this judicial district. MPS denies that this judicial district is the most convenient forum for parties and witnesses or in the interests of justice.

**PARTIES**

8. MPS does not have sufficient information to admit or deny the allegations of paragraph 8 and, therefore, denies these allegations.

9. MPS does not have sufficient information to admit or deny the allegations of paragraph 9 and, therefore, denies these allegations.

10. MPS does not have sufficient information to admit or deny the allegations of paragraph 10 and, therefore, denies these allegations.

11. MPS does not have sufficient information to admit or deny the allegations of paragraph 11 and, therefore, denies these allegations.

12. MPS does not have sufficient information to admit or deny the allegations of paragraph 12 and, therefore, denies these allegations.

13. On information and belief, MPS admits the allegations of the first three sentences of paragraph 13. MPS admits the allegations of the fourth and fifth sentences of paragraph 13. MPS denies that it is appropriate to treat MPS and its affiliates as a single entity. MPS denies that it has infringed any valid and enforceable claim of SynQor's patents. The remaining allegations of paragraph 13 are vague and indefinite, and on that basis MPS denies these allegations.

14. MPS does not have sufficient information to admit or deny the allegations of paragraph 14 and, therefore, denies these allegations.

15. MPS denies that it is appropriate to treat MPS and the other defendants in this case as a single entity.

**THE PATENTS IN SUIT**

16. MPS admits that United States Patent No. 7,072,190 ("the '190 patent") bears the title "High Efficiency Power Converter" and bears an issue date of July 4, 2006.  MPS denies that that '190 patent was duly and legally issued.  MPS does not have sufficient information to admit or deny the remaining allegations of paragraph 16 and, therefore, denies these allegations.

17. MPS admits that United States Patent No. 7,272,021 ("the '021 patent") bears the title "Power Converter with Isolated and Regulated Stages" and bears an issue date of September 18, 2007.  MPS denies that that '021 patent was duly and legally issued.  MPS does not have sufficient information to admit or deny the remaining allegations of paragraph 17 and, therefore, denies these allegations.

18. MPS admits that United States Patent No. 7,269,034 ("the '034 patent") bears the title "High Efficiency Power Converter" and bears an issue date of September 11, 2007.  MPS denies that that '034 patent was duly and legally issued.  MPS does not have sufficient information to admit or deny the remaining allegations of paragraph 18 and, therefore, denies these allegations.

19. MPS admits that United States Patent No. 7,558,083 ("the '083 patent") bears the title "High Efficiency Power Converter" and bears an issue date of July 7, 2009.  MPS denies that that '083 patent was duly and legally issued.  MPS does not have sufficient information to admit or deny the remaining allegations of paragraph 19 and, therefore, denies these allegations.

20. MPS admits that United States Patent No. 7,564,702 ("the '702 patent") bears the title "High Efficiency Power Converter" and bears an issue date of July 21, 2009.  MPS denies that that '702 patent was duly and legally issued.  MPS does not have sufficient information to admit or deny the remaining allegations of paragraph 20 and, therefore, denies these allegations.

**THE '497 CASE**

21. MPS admits that the jury in the '497 case entered a verdict on December 21, 2010. The verdict speaks for itself. MPS denies that it has directly infringed, induced infringement of, and contributed to infringement of any valid and enforceable claim of SynQor's patents. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 21 and, therefore, denies these allegations.

22. MPS admits that the jury in the '497 case entered a verdict on December 21, 2010. The verdict speaks for itself. MPS denies that the asserted claims of the patents-in-suit are valid and enforceable.

23. MPS admits that the jury in the '497 case entered a verdict on December 21, 2010. The verdict speaks for itself. MPS denies that SynQor is entitled to any damages.

24. MPS admits that the Court entered documents entitled "Partial Judgment" on December 29, 2010 and "Final Judgment" on August 17, 2011. These documents speak for themselves. MPS denies that SynQor is entitled to any damages.

25. MPS admits that the Court entered a permanent injunction on January 24, 2011. The permanent injunction speaks for itself. MPS denies that its products have been used to infringe any valid and enforceable claim of SynQor's patents.

26. MPS admits that the Court entered a permanent injunction on January 24, 2011. The permanent injunction speaks for itself. MPS denies that it has induced infringement of any valid and enforceable claim of SynQor's patents.

27. MPS admits that the Court entered a permanent injunction on January 24, 2011. The permanent injunction speaks for itself. MPS denies that it has contributed to the infringement of any valid and enforceable claim of SynQor's patents.

28. MPS admits that the Federal Circuit stayed the permanent injunction until April 11, 2011. MPS denies the remaining allegations of paragraph 28.

29. MPS admits that SynQor filed motions for supplemental damages. MPS denies that SynQor is entitled to any supplemental damages.

30. MPS admits that the Court held a hearing on June 15, 2011 and issued a ruling on July 11, 2011. The ruling speaks for itself. MPS denies that SynQor is entitled to any supplemental damages.

31. MPS admits that the Court issued a ruling on July 11, 2011. The ruling speaks for itself. MPS denies that it actively induced infringement and contributed to the infringement of any valid and enforceable asserted claim of the asserted patents during the post-verdict, pre-injunction time period. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 31 and, therefore, denies these allegations.

32. MPS admits that the Court issued a ruling on July 11, 2011. The ruling speaks for itself. With respect to the activities of Cisco, MPS does not have sufficient information to admit or deny the allegations of paragraph 32 and, therefore, denies these allegations

33. MPS admits that the Court issued a ruling on July 11, 2011. The ruling speaks for itself. MPS denies that it knew its actions would induce actual infringement of any valid and enforceable asserted claim of the asserted patents after the jury verdict. With respect to all remaining defendants and with respect to third parties, MPS does not have sufficient information to admit or deny the allegations of paragraph 33 and, therefore, denies these allegations.

34. MPS denies the allegations of paragraph 34.

35. With respect to its own activities, MPS denies the allegations of paragraph 35. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 35 and, therefore, denies these allegations.

36. With respect to its own activities, MPS denies the allegations of paragraph 36. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 36 and, therefore, denies these allegations.

**CLAIMS FOR RELIEF**

**I.   SYNQOR'S CLAIM REGARDING ALLEGED CONTINUED INFRINGEMENT**

37. MPS incorporates by reference its responses to paragraphs 1-36.

38. With respect to its own activities, MPS has provided SynQor with sales data which speaks for itself. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 38 and, therefore, denies these allegations.

39. With respect to its own activities, MPS denies the allegations of paragraph 39. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 39 and, therefore, denies these allegations.

40. With respect to its own activities, MPS denies the allegations of paragraph 40. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 40 and, therefore, denies these allegations.

41. With respect to its own activities, MPS denies the allegations of paragraph 41. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 41 and, therefore, denies these allegations.

42. MPS admits that the Court issued an order on September 29, 2011. The order speaks for itself. With respect to its own activities, MPS denies the remaining allegations of paragraph 42. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 42 and, therefore, denies these allegations.

43. MPS denies the allegations of paragraph 43.

44. With respect to its own activities, MPS denies the allegations of paragraph 44. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 44 and, therefore, denies these allegations.

## II. SYNQOR'S CLAIM REGARDING ALLEGED VIOLATION OF THE PERMANENT INJUNCTION

45. MPS incorporates by reference its responses to paragraphs 1-44.

46. MPS admits that the Federal Circuit entered orders staying the Court's injunction. These orders speak for themselves.

47. With respect to its own activities, MPS denies the allegations of paragraph 47. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 47 and, therefore, denies these allegations.

48. With respect to its own activities, MPS denies the allegations of paragraph 48. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 48 and, therefore, denies these allegations.

49. MPS admits that the Federal Circuit entered an order on April 11, 2011 staying in part the Court's injunction. The order speaks for itself. MPS denies that "this Court did not indicate that the applicability of the stay turned on whether Cisco had completed its internal qualification process for SynQor's equivalent bus converter models." With respect to its own

activities, MPS denies the remaining allegations of paragraph 49. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 49 and, therefore, denies these allegations.

50. With respect to its own activities, MPS denies the allegations of paragraph 50. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 50 and, therefore, denies these allegations.

51. With respect to its own activities, MPS denies the allegations of paragraph 51. With respect to all remaining defendants, MPS does not have sufficient information to admit or deny the allegations of paragraph 51 and, therefore, denies these allegations.

## AFFIRMATIVE DEFENSES

MPS pleads the following affirmative defenses:

1. The complaint fails to state any claim against MPS upon which relief can be granted.

2. The complaint is ineffective because it improperly joins multiple unrelated defendants into a single action in violation of 35 U.S.C. § 299.

3. The '190 patent, the '021 patent, the '083 patent, the '702 patent, the '034 patent, and each claim thereof, are invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. 1 et seq., including without limitation, the requirements in §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

4. MPS has not directly infringed, has not contributorily infringed, and has not induced infringement of any valid and enforceable claim of the '190 patent, the '021 patent, the '083 patent, the '702 patent, or the '034 patent either literally or under the doctrine of

equivalents, and is not liable for any infringement of the '190 patent, the '021 patent, the '083 patent, the '702 patent, or the '034 patent.

5. MPS has not willfully infringed any valid and enforceable claim of the '190 patent, the '021 patent, the '083 patent, the '702 patent, or the '034 patent.

6. MPS has not violated the Court's injunction.

7. SynQor's claims for relief are barred in whole or in part by the doctrine of prosecution history estoppel.

8. SynQor's claims for relief are barred in whole or in part by the doctrine of prosecution laches.

9. SynQor's claims for relief are barred in whole or in part by the doctrine of estoppel.

10. SynQor's claims for relief are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

11. SynQor's claims for relief are barred in whole or in part by the doctrine of unclean hands.

12. SynQor's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

13. SynQor's claims for relief are barred in whole or in part by the doctrine of patent misuse.

14. Any damages sought by SynQor are limited by 35 U.S.C. §§ 286 and/or 287.

15. SynQor is not entitled to injunctive relief.

16. MPS reserves the right to assert additional defenses which may become apparent during discovery in this action.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Murata Power Solutions, Inc. (hereinafter "MPS") alleges the following counterclaims against SynQor, Inc. ("SynQor").

1. MPS incorporates what is set out in the preceding paragraphs as if fully set forth herein.

2. Counterclaim-Plaintiff MPS is a Delaware corporation with its principal place of business at 11 Cabot Boulevard, Mansfield, Massachusetts 02048.

3. On information and belief, Counterclaim-Defendant SynQor is a Delaware corporation with its principal place of business at 155 Swanson Road, Boxborough, Massachusetts 01719.

## JURISDICTION

4. MPS's counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. In its Complaint, SynQor avers that it is the assignee of U.S. Patent No. 7,072,190 ("the '190 patent"), U.S. Patent No. 7,272,021 ("the '021 patent"), U.S. Patent No. 7,269,034 ("the '034 patent"), U.S. Patent No. 7,558,083 ("the '083 patent"), and U.S. Patent No. 7,564,702 ("the '702 patent").

7. In its Complaint, SynQor alleges that MPS infringes and has infringed the '190 patent, the '021 patent, the '083 patent, the '702 patent, and/or the '034 patent.

8. MPS denies that it has infringed any valid and enforceable claim of the '190 patent, the '021 patent, the '083 patent, the '702 patent, or the '034 patent

9. Therefore, a justiciable actual controversy exists between MPS and Counterclaim-Defendant SynQor concerning the alleged infringement, validity, and enforceability of the '190 patent, the '021 patent, the '083 patent, the '702 patent, and the '034 patent.

10. This Court has personal jurisdiction over SynQor for these Counterclaims because SynQor has filed a Complaint in this judicial district to which these Counterclaims respond.

11. SynQor has established minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## COUNT ONE OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '190 Patent

12. MPS incorporates by reference herein the allegations set forth in paragraphs 1-11 above.

13. The '190 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

14. MPS has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '190 patent.

## COUNT TWO OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '021 Patent

15. MPS incorporates by reference herein the allegations set forth in paragraphs 1-14 above.

16. The '021 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

17. MPS has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '021 patent.

### COUNT THREE OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '083 Patent

18. MPS incorporates by reference herein the allegations set forth in paragraphs 1-17 above.

19. The '083 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

20. MPS has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '083 patent.

### COUNT FOUR OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '702 Patent

21. MPS incorporates by reference herein the allegations set forth in paragraphs 1-20 above.

22. The '702 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

23. MPS has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '702 patent.

### COUNT FIVE OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '034 Patent

24. MPS incorporates by reference herein the allegations set forth in paragraphs 1-23 above.

25. The '034 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

26. MPS has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '034 patent.

## COUNT SIX OF MPS'S COUNTERCLAIM

### Declaratory Judgment of Unenforceability of the '190, '021, '083, '702, and '034 Patents Due to SynQor's Patent Misuse

27. MPS incorporates by reference herein the allegations set forth in paragraphs 1-26 above.

28. By filing this action and by its activities in the marketplace, SynQor has attempted to, and continues to attempt to, improperly expand the scope of its U.S. patents, including by attempting to use its U.S. patents to restrict wholly foreign activities.

29. SynQor's unlawful actions have had an anti-competitive effect, including with respect to MPS.

30. The '190, '021, '083, '702, and '034 patents are therefore unenforceable under the doctrine of patent misuse.

## RELIEF REQUESTED

**WHEREFORE**, MPS respectfully requests:

1. That this Court dismiss SynQor's Complaint against MPS with prejudice;

2. That this Court enter a judgment declaring that MPS has not infringed and does not infringe the '190 patent, the '021 patent, the '083 patent, the '702 patent, or the '034 patent;

3. That this Court enter a judgment declaring that MPS has not induced and does not induce infringement of the '190 patent, the '021 patent, the '083 patent, the '702 patent, or the '034 patent;

4. That this Court enter a judgment declaring that MPS has not contributorily infringed and does not contributorily infringe the '190 patent, the '021 patent, the '083 patent, the '702 patent, or the '034 patent;

5. That this Court enter a judgment declaring that MPS has not willfully infringed and does not willfully infringe the '190 patent, the '021 patent, the '083 patent, the '702 patent, or the '034 patent;

6. That this Court enter a judgment declaring that MPS has not violated the Court's injunction;

7. That this Court enter a judgment denying any award to SynQor for damages, enhanced damages, interest, costs, or attorneys' fees;

8. That this Court deny any injunction against MPS or those in active concert with MPS;

9. That this Court enter a judgment declaring that the '190 patent, the '021 patent, the '083 patent, the '702, and the '034 patent are invalid and unenforceable;

10. That this Court declare this case exceptional and award MPS its reasonable costs, expenses and attorneys' fees;

11. That this Court award MPS any and all other relief to which MPS may show itself to be entitled.

## DEMAND FOR JURY TRIAL

MPS, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.  MPS further requests its own independent jury trial, in accordance with 35 U.S.C. § 299.

Dated:  November 21, 2011

Respectfully submitted,

By: */s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.
State Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON
A Professional Corporation
500 Plaza Tower
110 North College Avenue
Tyler, TX 75702
(903) 597-8311 (Telephone)
(903) 593-0846 (Facsimile)

Alan D. Smith, BBO#629034
Whitney A. Reichel, BBO#663599
Kevin K. Su, BBO#663726
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
617-542-5070 (Telephone)
617-542-8906 (Facsimile)

Counsel for Defendant
MURATA POWER SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on November 21, 2011.  All other counsel will be served by U.S. first-class mail.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.