**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC._<br><br>      Plaintiff,<br><br>  v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELEC. NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC., and<br>POWER-ONE, INC.<br><br>      Defendants. | Civil Action No. 2:11-CV-00444-DF |

**SYNQOR, INC.'S ANSWER TO COUNTERCLAIMS OF**
**DEFENDANT ARTESYN TECHNOLOGIES, INC.**

  Plaintiff SynQor, Inc. ("SynQor") respectfully submits this Answer to the counterclaims asserted by Defendant Artesyn Technologies, Inc. ("Artesyn") in its Answer, Affirmative Defenses and Counterclaims to Original Complaint ("Counterclaims"). (*See* Dkt. 31.)

**COUNTERCLAIMS**

  SynQor responds below to the numbered paragraphs of Artesyn's Counterclaims beginning at page 13 of Dkt. 31. Unless expressly admitted below, any and all allegations contained in Artesyn's Counterclaims are denied.

### The Parties

1. Upon information and belief, SynQor admits the allegations in paragraph 1 of the Counterclaims.

2. SynQor admits the allegations in paragraph 2 of the Counterclaims.

### Jurisdiction and Venue

3. SynQor admits that subject matter jurisdiction in the Court is based upon 28 U.S.C. §§ 2201(a), 1331 and 1338(a).

4. SynQor denies the allegations of paragraph 4 for at least the reason that there is no 28 U.S.C. § 299. To the extent Artesyn intends to reference newly-enacted 35 U.S.C. § 299, SynQor denies such an allegation.

5. SynQor admits that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1331, 1332(a), and/or 1391(b).

6. SynQor admits that it has charged Artesyn with committing acts of infringement after January 24, 2011 and that a justiciable controversy exists between Counterclaim Defendant SynQor and Artesyn. SynQor denies the remaining allegation of paragraph 6.

7. SynQor admits that each of the '190, '021, '034, '083 and '702 patents are subject to *inter partes* reexamination proceedings. Because none of these reexaminations are yet final, SynQor denies that each asserted claim has been found to be unpatentable.

8. SynQor denies the allegations in paragraph 8.

9. SynQor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies these allegations.

## Counterclaim I
## Declaratory Judgment of No Infringement

10. SynQor admits that in paragraph 10 Artesyn purports to re-allege the allegations of the previous paragraphs of its counterclaims. SynQor incorporates by reference its responses to any such allegations re-alleged and denies any remaining allegations in this paragraph.

11. SynQor denies the allegations in paragraph 11.

12. SynQor denies the allegations in paragraph 12.

## Counterclaim II
## Declaratory Judgment of Invalidity

13. SynQor admits that in paragraph 13 Artesyn purports to re-allege the allegations of the previous paragraphs of its counterclaims. SynQor incorporates by reference its responses to any such allegations re-alleged and denies any remaining allegations in this paragraph.

14. SynQor denies the allegations in paragraph 14.

15. SynQor denies the allegations in paragraph 15.

16. SynQor denies the allegations in paragraph 16.

## Counterclaim III
## Declaratory Judgment of Patent Misuse

17. SynQor admits that in paragraph 17 Artesyn purports to re-allege the allegations of the previous paragraphs of its counterclaims. SynQor incorporates by reference its responses to any such allegations re-alleged and denies any remaining allegations in this paragraph.

18. SynQor denies the allegations in paragraph 18.

19. SynQor denies the allegations in paragraph 19.

### Counterclaim IV
### Declaratory Judgment of Patent Exhaustion/License

20. SynQor admits that in paragraph 20 Artesyn purports to re-allege the allegations of the previous paragraphs of its counterclaims. SynQor incorporates by reference its responses to any such allegations re-alleged and denies any remaining allegations in this paragraph.

21. SynQor denies the allegations in paragraph 21.

22. SynQor denies the allegations in paragraph 22.

23. SynQor denies the allegations in paragraph 23.

### Artesyn's Prayer for Relief

A. SynQor denies that Artesyn is entitled to relief.

B. SynQor denies that Artesyn is entitled to relief.

C. SynQor denies that Artesyn is entitled to relief.

D. SynQor denies that Artesyn is entitled to relief.

E. SynQor denies that Artesyn is entitled to relief.

F. SynQor denies that Artesyn is entitled to relief.

G. SynQor denies that Artesyn is entitled to relief.

### DEMAND FOR JURY TRIAL

SynQor admits that Artesyn has demanded an independent trial by a jury of its peers for each issue so triable by right pursuant to Rule 38 and 35 U.S.C. § 299. SynQor denies that Artesyn is entitled to a jury trial in this continuation of the '497 case and denies that Artesyn is entitled to an independent jury trial pursuant to 35 U.S.C. § 299.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### *Res Judicata*

1. Artesyn's claims are barred, in whole or in part, under the doctrine of *res judicata* or issue preclusion.

### Second Affirmative Defense
### Collateral Estoppel

2. Artesyn's claims are barred, in whole or in part, under the doctrine of collateral estoppel or claim preclusion.

### Third Affirmative Defense
### Waiver

3. Artesyn's claims are barred, in whole or in part, under the doctrine of waiver.

### Fourth Affirmative Defense
### Estoppel

4. Artesyn's claims are barred, in whole or in part, under the doctrine of estoppel.

| | |
|---|---|
| Dated:  December 15, 2011 | */s/ Thomas D. Rein* |
| | **Thomas D. Rein** (*admitted pro hac vice*) |
| | Lead Attorney |
| | trein@sidley.com |
| | **Russell E. Cass** (*admitted pro hac vice*) |
| | rcass@sidley.com |
| | **Paul E. Veith** (*admitted pro hac vice*) |
| | pveith@sidley.com |
| | **Stephanie P. Koh** (*admitted pro hac vice*) |
| | skoh@sidley.com |
| | **Bryan C. Mulder**  (*admitted pro hac vice*) |
| | bmulder@sidley.com |
| | SIDLEY AUSTIN LLP |
| | One South Dearborn |
| | Chicago, IL 60603 |
| | Telephone:     312.853.7000 |
| | Facsimile:     312.853.7036 |
| | |
| | **Michael D. Hatcher** |
| | Texas State Bar No. 24027067 |
| | mhatcher@sidley.com |
| | **David T. DeZern** |
| | Texas State Bar No. 24059677 |
| | ddezern@sidley.com |
| | SIDLEY AUSTIN LLP |
| | 717 North Harwood, Suite 3400 |
| | Dallas, TX 75201 |
| | Telephone:     214.981.3300 |
| | Facsimile:     214.981.3400 |
| | |
| | ***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*** |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Answer to Counterclaims of Defendant Artesyn Technologies, Inc. is being served via the Court's CM/ECF system on December 15, 2011, on all counsel of record who are deemed to have consented to electronic service per Local Rule CV-5(a)(3).

*/s/ David T. DeZern*
David T. DeZern

**SYNQOR'S ANSWER TO COUNTERCLAIMS OF DEFENDANT ARTESYN, PAGE 6**