UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>    Plaintiff,<br><br>  v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>MURATA ELEC. NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC., and<br>POWER-ONE, INC.<br><br>    Defendants. | Civ. No. 2:11-CV-444-MHS-CMC |

**NOTICE OF ISSUES SYNQOR PROPOSES TO INCLUDE FOR DISCUSSION AT PRETRIAL CONFERENCE**

SynQor files this Notice of Issues SynQor Proposes to Include for Discussion at Pretrial Conference to provide the Court with notice of issues SynQor proposes raising at the pretrial conference set for July 17, 2013 before Magistrate Judge Craven (Dkt. 359). SynQor conferred with Defendants regarding these issues, but the parties had yet to reach consensus. In the interest of providing the Court as much time as possible to review, SynQor submits this notice now, but notes that the Defendants may have additional issues they want to raise as well.

Specifically, in addition to the items the Court will raise or hear as part of the pretrial conference, SynQor proposes raising the following additional items for the Court's consideration, in the event these are items the Court is willing to consider at the conference:

**1.**   Will the Court set any particular time limits for trial, including:

   **a.**   For opening and/or closing?

  **b.** Total time for each side's evidentiary presentation of case?

  **c.** Limitations on any rebuttal proofs?

**2.** Regarding the admission of exhibits:

  **a.** If there is no objection to an exhibit, do the parties have to move for admission of the exhibit or can the parties simply refer to such exhibit by its exhibit number and treat it as admitted?

  **b.** If there were one or more objections to an exhibit but they were overruled through an earlier ruling (e.g., *Daubert*, Motion in *Limine*, or at the pretrial conference), if the exhibit is used at trial do the parties have to move for admission of such an exhibit and have the objection reasserted, or can the parties simply refer to such an exhibit by exhibit number and treat it as admitted subject to the previously asserted objection(s)?

**3.** Do the parties need to proffer experts?

**4.** Does the Court want deposition clips played during the allotted trial day or would the Court prefer to review on its own time?

**5.** Does the Court want parties to file objections to planned demonstratives to be resolved in advance of when a witness takes the stand or should the objecting party raise objections to a demonstrative at the time it is shown?

**6.** Will SynQor be allowed to call its damages expert back to rebut points made during Defendants' case so that it doesn't have to anticipate and explain Defendants' contrary theories?

| | |
|---|---|
| Dated: July 15, 2013 | /s/ Thomas D. Rein |

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder**  (*admitted pro hac vice*)
bmulder@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:     312.853.7000
Facsimile:     312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, TX 75201
Telephone:     214.981.3300
Facsimile:     214.981.3400

ATTORNEYS FOR PLAINTIFF SYNQOR, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 15, 2013.

 /s/ David T. DeZern
David T. DeZern