**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

SYNQOR, INC.,

v.

ARTESYN TECHNOLOGIES, INC., ET AL.

Cause No. 2:11-cv-444

## AMENDED FINAL JUDGMENT

In accordance with Federal Rule of Civil Procedure 58, the court enters the following final judgment.

An evidentiary hearing was held in the above-styled case from July 30–August 2, 2013. Consistent with the Court's contemporaneously filed Order Awarding Supplemental Damages, it is **ORDERED** that:

- Defendants (1) Murata Electronics North America, Inc., Murata Manufacturing Co., Inc., and Murata Power Solutions (collectively MPS); (2) Artesyn Technologies, Inc. and Astec America, Inc. (Collectively Astec)[1]; and (3) Bel Fuse Inc. continued to infringe Plaintiff SynQor, Inc.'s (SynQor) asserted patents from January 25– April 11, 2011.

- Defendants MPS, Astec, and Bel Fuse did not infringe the asserted patents after April 11, 2011.

- Defendants MPS, Astec, and Bel Fuse did not willfully infringe the asserted patents.

- Defendants MPS, Astec, and Bel Fuse did not violate the terms of the Court's injunction.

---

[1] Astec's parent company Emerson Electric Co. acquired Defendant Artesyn Technologies, Inc. in April 2006. Artesyn is no longer recording separate sales. Thus, for the purpose of this order, the Court addresses Artesyn and Astec collectively.

- SynQor's claim that Cisco violated the terms of the Court's injunction is severed into Cause No. 2:11-cv-54.

- SynQor is awarded damages of $1,326,689.70 against MPS, $674,767.13 against Bel Fuse, and $875,596.72 against Astec.

- SynQor is awarded costs, prejudgment interest, and post-judgment interest against Defendants MPS, Astec, and Bel Fuse as detailed in the Court's Order Awarding Supplemental Damages.

Consistent with the Court's July 29, 2013 Memorandum Order On Reports and Recommendations (Doc. No. 482), it is **ORDERED** that:

- Defendant Power-One, Inc.'s Motion for Summary Judgment of Non-Infringement, No Willful Infringement, and No Injunction Violations (Doc. No. 173-1) is **GRANTED**.

- SynQor's action against Power-One is **DISMISSED WITH PREJUDICE**.

- Power-One is awarded costs as the prevailing party under Federal Rule of Civil Procedure 54(d)(1).

It is additionally **ORDERED**, **ADJUDGED**, and **DECREED** that final judgment be entered in this case.

All relief not previously granted herein is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 29th day of April, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE